# Lee v. The State.

## *Enticing Servants.*

(Decided Feb. 12, 1912.   57 South. 1032.)

*Master and Servant; Enticing Servant; Indictment.*—An affi-
davit that within twelve months before the making thereof and
within that county L. knowingly interfered with, hired, enticed
away or induced B., a laborer or servant who had stipulated or con-
tracted in writing to serve affiant a given number of days, weeks,
months, or for one year, etc., was demurrable for failing to show
that the contract was for a term not exceeding one year as provided
in section 6850, Code 1907.

APPEAL from Coffee County Court.

Heard before Hon. J. N. HAM.

George Lee was convicted of a misdemeanor, and he appeals. Reversed and remanded.

The affidavit was as follows: "Before me, R. A. King, clerk of the county court in and for said county, personally appeared J. D. Blue, who, being duly sworn, says on oath that he had probable cause for believing and does believe that within twelve months before the making of this affidavit, in this county, George Lee knowingly interfered with, hired, enticed away, or induced Lewis Brown, a laborer or servant who had stipulated or contracted in writing to serve affiant a given number of days, weeks or months, or for one year, before the expiration of the term stipulated or contracted for, such contract being in force and binding upon the parties thereto, without the consent of affiant, to whom such service was due, given in writing or in the presence of some credible person, against the peace and dignity," etc. The demurrer was that the complaint did not allege that the said Lewis Brown had contracted in writing to serve J. D. Blue for a given time, not to exceed one year, as required by law.

J. A. CARNLEY, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The affidavit was sufficient.—Section 6850, Code 1907; *Williams v. The State*, 98 Ala. 22. Where a ruling on demurrer is not shown on the record proper, it cannot be reviewed.—*Powell v. The State*, 89 Ala. 172; *N. C. & St. L. v. Hammond*, 104 Ala. 191.

[Lewis v. The State.]

WALKER, P. J.—To constitute the offense provided for by the statute (Code 1907, § 6850) against enticing away servants, renters, or laborers under a written contract, etc., the person knowingly interfered with, hired, employed, enticed away, or induced to leave the service of another before the expiration of his time contracted for, or upon whom an attempt is made to do either of these things, must have "contracted in writing to serve such other person for any given time, not to exceed one year." The affidavit in the present case, on which the appellant was convicted, in averring that the laborer or servant charged to have been interfered with before the expiration of his term of service had "stipulated or contracted in writing to serve affiant a given number of days, weeks, months, or for one year," failed to show that the term of service contracted for was not to exceed one year. The contract mentioned may as well have been one for 24 months' service as one for a term of service not to exceed one year. The affidavit did not show the commission by the defendant of a criminal offense, and was insufficient to support a conviction.

Reversed and remanded.